UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL R. BERCINI,

      Plaintiff,

v.                                Case No:   6:15-cv-1921-Orl-41TBS

CITY OF ORLANDO, AMY COLUMBO,
TODD FUNKE, REGINALD J. CLARK
and RICHARD PATTERSON,

      Defendants.
_____

## ORDER

     This case comes before the Court on Plaintiff's Motion to Compel Discovery

Responses (Doc. 25). Defendants Amy Columbo, Todd Funke, Reginald J. Clark, and

Richard Patterson (collectively "Defendants"), have not responded to the motion and the

time within to do so has expired. When a party fails to respond, that is an indication that

the motion is unopposed. Foster v. The Coca-Cola Company, No. 6:14-cv-2102-Orl-

40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of America,

N.A., 564 Fed. Appx. 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cnty., Ga., 306

F. sup.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-

564-FtM-38CM, 2015 WL 234251, at *1 (M.D. Fla. May 14, 2015) (when defendant did

not respond court could consider motion to compel unopposed); Brown v. Platinum

Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at * 1 (M.D.

_____

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority."   CTA11 Rule 36-2.

Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary

judgment as unopposed). The Court treats Plaintiff's motion as unopposed.

On May 16, 2016 Plaintiff served separate interrogatories and requests for

production on each Defendant (Doc. 25 at 9-75). Defendants failed to respond and on

June 22 an email requesting responses was sent to defense counsel's paralegal (Id., at

1). There was no response and on June 24 a second email requesting a response was

sent to Defendants' counsel (Id., at 1-2). On June 30, a third email was sent to

Defendants' counsel but again, there was no response (Id., at 2). A fourth email was sent

to Defendants' counsel on July 5 and once again, he did not respond (Id.). On July 6 the

following email was sent to Defendants' attorney:

> Good afternoon counselor. I look forward to seeing you next
> week at mediation. I hope our session will be productive.
>
> On May 16, 2016, I sent to you via email discovery in the
> form of interrogatories and a request to produce. Thank you
> for providing a response from the City of Orlando. However,
> to date, I have not received a response from the individual
> plaintiffs. [sic] Certainly you can understand the importance of
> having this discovery prior to mediation.
>
> Because no request was made for an extension of time, and
> the responses are overdue, I would like to know your position
> on when I can expect the responses. I understand that there
> are circumstances that arise that complicates providing
> responses but at the same time, mediation is made more
> complicated without the benefit of discovery, particularly
> because my client has provided responses to your clients
> already.
>
> I trust that I can expect a reply with some kind of status. Thank
> you in advance.

(Id., at 2). The attorney representing Defendants failed to respond to this email (Id.).

Counsel for the parties had a face-to-face conversation concerning the missing discovery

on July 12, 2016. During the conversation Defendants' counsel promised that responses

would be forthcoming but as of August 25, 2016, when the motion to compel was filed, none had been supplied (Id., at 3).

In the Case Management and Scheduling Order which governs this case (Doc. 19), the Court said: "Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, *Ideals and Goals of Professionalism*, ¶ 6.10 and *Creed of Professionalism* ¶ 8 (adopted May 16, 1990), available at [www.floridabar.org](www.floridabar.org) (Professional Practice – Henry Latimer Center for Professionalism)." (Id., at 4). Counsel for Defendants failure to respond to his opponent's emails and failure to perform the representation that the discovery would be forthcoming is conduct which falls below the standard of professionalism for attorneys practicing in this Court.

Parties can propound to one another interrogatories relating to any matter within the scope of discovery. FED. R. CIV. P. 33(a). The responding party must answer or object to each interrogatory within 30 days of being served with the interrogatories. FED. R. CIV. P. 33(b)(2). "The grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Id.

Parties may also serve requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents, electronically stored information, or other "tangible things" that are "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). The recipient of a request for production has 30 days to respond. FED. R. CIV. P. 34(b)(2)(A). For each request, the responding party "must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). Documents must be

produced as they are kept in the ordinary course of business or must be "organize[d] and label[ed] to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i).

Defendants have failed to fulfill their discovery obligations. Accordingly, and because the motion is deemed unopposed, Plaintiff's motion to compel is **GRANTED**. No later than the close of business on October 11, 2016, all Defendants shall answer in full, and under oath, all of the interrogatories served upon them by Plaintiff. They shall also produce all documents sought in Plaintiff's request for production. Defendants may not assert any objections to this discovery. By failing to respond to the interrogatories and requests for production, by failing to show good cause for their failure to respond, and by failing to respond to the motion to compel, Defendants waived any objections they might otherwise have had. LIMU Company, LLC v. Burling, No. 6:12-cv-347-Orl-TBS, 2013 WL 1482760, at *1 (M.D. Fla. April 11, 2013).

As the prevailing party, Plaintiff is entitled to recover his reasonable attorney's fees and costs unless: (1) the motion to compel was filed before Plaintiff attempted in good faith to get the discovery without Court action; (2) Defendants' position was substantially justified; or (3) other circumstances make an award unjust. FED. R. CIV. P. 37(a)(5)(A). None of the exceptions apply. Now, the Court finds that Defendants are liable to Plaintiff for his reasonable attorney's fees and costs for the prosecution of his motion to compel. The parties have 14 days from the rendition of this Order within to agree on the sum to be awarded to Plaintiff. If they are unable to agree, Plaintiff shall file its motion for fees and costs and Defendants shall have 14 days to respond.

**DONE** and **ORDERED** in Orlando, Florida on September 28, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record